# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**PAMELA WEAVER,**

        **Plaintiff,**

-vs-                                                              **Case No. 6:04-cv-86-Orl-KRS**

**JO-ANNE B. BARNHART,**
**COMMISSIONER OF SOCIAL**
**SECURITY,**

        **Defendant.**

_____

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **PETITION FOR AWARD OF ATTORNEY'S FEES, EXPENSES AND COSTS PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT (Doc. No. 24)**
>
> **FILED:** **June 13, 2005**
> _____
>
> **THEREON** it is **ORDERED** that the motion is **DENIED** without prejudice.

Middle District of Florida Local Rule 3.01(g) requires that the party filing any motion must "confer with counsel for the opposing party in a good faith effort to resolve the issues raised by the motion, and shall file with the motion a statement (1) certifying that the moving counsel has conferred with opposing counsel and (2) stating whether counsel agree on the resolution of the motions.  A certification that opposing counsel was unavailable for a conference before filing a motion is insufficient to satisfy the parties' obligation to confer." The Rule 3.01(g) certification in the present

motion states that counsel for the plaintiff contacted counsel for the defendant, and that counsel for the defendant "needs additional time to determine whether the amount sought . . . will be objected to." Doc. No. 24. This certification fails to comply with Rule 3.01(g) because, in essence, counsel for the plaintiff failed to contact counsel for the defendant until the deadline for filing the present motion was imminent and, therefore, his actions precluded any realistic possibility that a meaningful conference could take place.

In addition, I note that Weaver's petition for an award of attorney's fees pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, is premature. A final judgment was entered in this case on March 15, 2005. Doc. No. 21. Thereafter, the Commissioner timely filed a motion to alter or amend judgment pursuant to Fed. R. Civ. P. 59(e), doc. no. 22, which was denied on June 16, 2005, doc. no. 25. Thus, the time within which Weaver is required to filed her appeal has not yet begun to run. *See Johnson v. Apfel*, No. Civ. A. 00-0086-P-C, 2001 WL 303296, at *1 (S.D. Ala. Mar. 14, 2001; Fed. R. App. P. 4(a).

Accordingly, the present motion is **DENIED** without prejudice to refiling within the appropriate time frame, with a proper Rule 3.01(g) certification.

**DONE** and **ORDERED** in Orlando, Florida on June 16, 2005.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties